U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  NOV  4 2004

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     CRIMINAL DOCKET NO: 00-321

VERSUS

ARMSTEAD KIEFFER     SECTION "N" (4)

FILED:_____     _____
                                                                                DEPUTY CLERK OF COURT

## MOTION TO FILE SUPPLEMENTAL BRIEF

**NOW COMES,** Armstead Kieffer, known as the petitioner herein, who respectfully moves this Honorable Court through a Motion to File a Supplemental Brief to his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, for the following reasons to wit:

Petitioner urges this Court to grant his motion to file a supplemental brief based upon the fact that his supplemental claim relies on a new interpretation of constitutional law by the United States Supreme Court in **Blakely v. Washington**, 542 U.S. ___ (2004). It should be noted, that at the time that petitioner filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence the **Blakely** case had not yet been ruled upon. Therefore, petitioner seeks to present this claim through the afore supplemental brief.

The petitioner contends that he has been denied his Sixth Amendment Constitutional

1

right to trial by jury, in that the trial court used facts that petitioner had not pled to, nor was he found guilty of by a jury of his peers, to enhance his sentence.

Petitioner asserts that his total length of incarceration has been affected by said enhancements.

**WHEREFORE,** based upon new interpretation of constitutional law in ***Blakely v. Washington***, 542 U.S. ___ (2004), the petitioner prays that this Honorable grant the instant motion, thereby allowing him to file a supplemental brief to his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.

**THUS SUBMITTED,** this _3_ day of _November_ 2004.

Respectfully:

_Armstead Kieffer_
Armstead Kieffer, # 22956-034
F.C.I., Yazoo
P.O. Box 5000
Yazoo City, Ms. 39194

## CERTIFICATE OF SERVICE

I Armstead Kieffer do hereby certify that a copy of the foregoing motion has been forwarded to the United States District Attorney's Office for the Eastern District of Louisiana, via U.S. mail, postage pre-paid on this __3__ day of __November__ 2004.

                                              _____
                                              Armstead Kieffer, #

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO: 00-321 |
| VERSUS | |
| ARMSTEAD KIEFFER | SECTION "N" |
| FILED:_____ | _____<br>DEPUTY CLERK OF COURT |

---

### MEMORANDUM IN SUPPORT OF
### MOTION TO FILE SUPPLEMENTAL BRIEF

**NOW COMES,** Armstead Kieffer, known as the petitioner herein, who respectfully moves this Honorable Court through a Motion to File a Supplemental Brief to his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, for the following reasons to wit:

#### STATEMENT OF THE ISSUES

I. THE SENTENCING PROCEDURE DEPRIVED PETITIONER OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE BEYOND A REASONABLE DOUBT ALL FACTS LEGALLY ESSENTIAL TO HIS SENTENCE.

II. THE PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING IN THIS MATTER.

1

## SUMMARY ARGUMENT

II     **THE SENTENCING PROCEDURE DEPRIVED PETITIONER OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE BEYOND A REASONABLE DOUBT ALL FACTS LEGALLY ESSENTIAL TO HIS SENTENCE.**

The guideline range for petitioner calls for a base level of base offense 17 and a criminal history category of I, which would have called for a sentencing range of 24 to 30 months, but however, the government filed a motion for an upward departure of the applicable sentencing guidelines, which brought the petitioner's term of imprisonment to 72 months. Petitioner contends that he was not found guilty of the additional facts used in making the upward departure in his sentencing guideline range. Petitioner contends that said enhancements violate his Sixth Amendment right to a jury trial. See ***Blakely v. Washington***, No. 02-1632, S.Ct. (2004).

In ***Apprendi v New Jersey***, 530 U.S. 466 (2000), the case involved a New Jersey hate crime statute that authorized a 20 year sentence, despite the usual 10 year maximum, if the judge found the crime to have been committed "with purpose to intimidate... because of race, color, gender, handicap, religion, sexual orientation or ethnicity." Id., at 468-469. I ***Ring v. Arizona***, *536 U.S. 584, 592-593, and n. 1 (2002)*, the Supreme Court applied ***Apprendi*** to an Arizona law that authorized the death penalty if the judge found one of ten aggravating factors. In this case the Supreme Court concluded that the defendant's constitutional rights had been violated because the judge had imposed a greater sentence than the maximum he could have imposed under state law without the challenge factual finding. ***Apprendi***, supra, at 491-497; ***Ring***, supra, at 603-609.

In this case, the petitioner was sentenced to 6 years imprisonment. The facts supporting the enhancements were neither admitted to by petitioner nor found by a jury. Based upon the

precedents set forth in ***Apprendi v. New Jersey*** and ***Blakely v. Washington***, the maximum sentence a sentencing judge may impose is based solely upon the facts reflected in the jury verdict or facts admitted to by a criminal defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment and the judge exceeds his proper authority.

The judge in this case could not have imposed a sentence with all of the additional findings, since the petitioner was not found guilty at his trial of these facts, so therefore the upward departure from 24 to 30 month sentencing range to a 72 month sentence violates the petitioner's Sixth Amendment Constitutional right.

This argument turns upon the right of jury trial. ***Apprendi*** carries out the design of the Sixth Amendment to the United States Constitution by ensuring that the judge's authority to sentence derives wholly from the jury's verdict. As ***Apprendi*** held, every criminal defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment.

Because the Federal Sentencing procedure did not comply with the Sixth Amendment of the United States Constitution, petitioner's sentence is invalid.

### III. THE PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING ON THESE MATTERS.

The petitioner contends that he is entitled to an evidentiary hearing on this issue. In order to be granted an evidentiary hearing, a habeas corpus petition must allege sufficient facts which, if true, would support the conclusion of the law advanced. ***Townsend v. Sain***, *372 U.S. 293, 312,*

3

*83 S.Ct. 745, 756, 9 L.Ed.2d 770, 785 (1963)*; **Sims v. Livesay**, *970 F.2d 1575, 1579 (6th Cir. 1992)*. 28 U.S.C. § 2255 provides the standard for determining whether to grant an evidentiary hearing. The statute requires a hearing"... unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; **United States v. Auten**, *632 F.2d 478 (5th Cir. 1980)*.

In the present case, the petitioner contends that he has set forth facts in his petition that entitle him to relief. Therefore, at a minimum, the Court should order an evidentiary hearing in this matter.

## CONCLUSION

For the above stated reasons, the petitioner prays that his brief is granted.

**THUS SUBMITTED**, this 3 day of November 2004.

Respectfully:

*[signature]*
Armstead Kieffer, # 22956-034
F.C.I., Yazoo
P.O. Box 5000
Yazoo City, Ms. 39194

4

## CERTIFICATE OF SERVICE

I Armstead Kieffer do hereby certify that a copy of the foregoing motion has been forwarded to the United States District Attorney's Office for the Eastern District of Louisiana, via U.S. mail, postage pre-paid on this __3__ day of __November__ 2004.

*Armstead Kieffer*
Armstead Kieffer, #

5