

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC 20 PM 4:56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 00-321 |
| v. | * | SECTION: "N" |
| ARMSTEAD KEIFFER | * | |

\* \* \*

**GOVERNMENT'S OPPOSITION AND INCORPORATED MEMORANDUM**
**TO DEFENDANT KEIFFER'S MOTION TO FILE SUPPLEMENTAL BRIEF**

**NOW INTO COURT** comes the United States of America through the undersigned Assistant United States Attorney, who opposes defendant's motion to file a supplemental brief.

Petitioner - Defendant Armstead Keiffer "Keiffer" should be denied his request to file a supplemental brief relating to the United States Supreme Court's pronouncement in Blakely v. Washington, 124 S.Ct. 2531 (2004) because the Blakely decision cannot be applied retroactively to Keiffer who has exhausted all appellate rights, and his order of conviction became final on or about September 9, 2003, when the time expired for filing a petition for Certiorari, i.e., 90 days after the entry of the Fifth Circuit's mandate. Clay v. United States, 537 U.S. 522, 532 (2003). Blakely was decided on June 24, 2004.

___ Fee_____
___ Process____
_X_ Dktd___7K3C
_V_ CtRmDep____
___ Doc. No.____

When a Supreme Court decision announces a new rule, the new rule will apply to all criminal cases still pending on direct review. Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). As recognized in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), however, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310, 109 S.Ct. at 1075. One exception to the Teague rule arises if the new rule is substantive, that is, the ruling serves to "narrow the scope of a criminal statute by interpreting its terms." Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (other citations omitted). A new rule which is deemed substantive is applicable retroactively on collateral view because failure to give retroactive application create[s] "a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (other citations omitted).

To be substantive and, therefore, to have retroactive effect, a new rule must be a "watershed rule" "implicating the fundamental fairness and accuracy of a criminal proceeding" "without which the likelihood of an accurate conviction is *seriously* diminished." Schriro, 124 S.Ct. at 2523 (emphasis in original)(other citations omitted). Substantive rules "alters the range of conduct or the class of persons that the law punishes." Id. (other citations omitted). "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original)(other citations omitted).

Utilizing this standard, Schriro held that the decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), requiring that in a capital case, the existence of an aggravating factor warranting the death penalty must be proved to a jury, rather than a judge, announced a procedural rule not retroactively applicable to cases already final on direct review.[1]  Schiro, 124 S.Ct. at 2523, 2526.   Similarly, United States v. Brown, 305 F.3d 304 (5th Cir. 2002), held that the rule in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), dictating that drug quantity is not a sentencing enhancement, but an element of a drug offense which must be found by a jury beyond a reasonable doubt, is procedural and, therefore, not applicable to initial § 2255 petitions. Brown, 305 F.3d at 310.

Applying the Schriro method of determining whether a rule is substantive or procedural, it is patent that the new rule announced in Blakely is procedural.  Blakely is based upon Apprendi principles and it governs the manner in which the sentencing judge determines the facts upon which to base the defendant's sentence, i.e., by jury verdict or by defendant's admission.   Because it is a procedural rule without retroactive application,

---

[1] Blakely, supra, and Shriro, supra, were decided the same day and both opinions were authored by Justice Scalia.  In Shriro, id., the court refused to retroactively apply its decision in Ring, supra, where the court applied the principals of Apprendi to an Arizona death sentence. "Judged by this standard, Ring's holding is properly classified as procedural." at 2523.  Ring held that "a sentencing judge, sitting without a jury, [may not] find an aggravating circumstance necessary for the imposition of the death penalty." (citations omitted). at 2523. Likewise, the court in Blakely, supra, applied the Apprendi principles to Washington State sentencing guidelines.  In both Ring, supra, and Blakely, supra, the issue related to whether a judge or a jury had to decide the existence of facts that had a direct impact on sentencing.  Thus, both cases articulated rules that regulate only the manner of determining the defendant's culpability and were thus procedural and not retroactive. At 2526.

the petitioner is foreclosed by <u>Teague</u> from raising an alleged <u>Blakely</u> violation in a § 2255 motion seeking collateral relief.

Furthermore, in <u>United States v. Pineiro</u>, 377 F.3d 464 (5th Cir. 2004), the Fifth Circuit held that "[j]udicial findings under the [United States Sentencing] Guidelines that set sentences within [range of punishments defined and authorized by Congress in the United States Code] . . . do not offend the Constitution," declining to apply <u>Blakely</u> to the federal Sentencing Guidelines. 377 F.3d at 473.[2]

<u>Blakely</u> affords no relief to the defendant because it does not apply retroactively to petitions for collateral relief nor has the Fifth Circuit Court of Appeals found it to be

---

[2] What the Supreme Court has "already held" about the Guidelines, therefore, continues to provide the governing principles for the district court; i.e., the Sentencing Guidelines are constitutional because "Congress neither delegated excessive legislative power nor upset the constitutionally mandated balance of powers among the coordinate Branches," see <u>United States v. Mistretta</u>, 488 U.S. 361, 412, 109 S.Ct. 647, 676, 102 L.Ed.2d 714 (1989); so long as a sentence does not exceed the statutory maximums established by Congress for the offense of conviction, a Guidelines sentence can (in fact, sometimes must) be based on judge-found conduct not proven to a jury, see <u>Edwards v. United States</u>, 523 U.S. 511, 514-15, 118 S.Ct. 1475, 1477-1478, 140 L.Ed.2d 703 (1998), conduct not charged in the indictment, see <u>Witte v. United States</u>, 515 U.S. 389, 399-401, 115 S.Ct. 2199, 2207, 132 L.Ed.2d 351 (1995), and conduct of which a defendant is acquitted but is established by a preponderance of the evidence, see <u>United States v. Watts</u>, 519 U.S. 148, 156-57, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997) (per curium). Moreover, the Supreme Court has held that courts are bound not only by the Guidelines, but by their policy statements and commentary as well. <u>Stinson v. United States</u>, 508 U.S. 36, 42-47, 113 S.Ct. 1913, 1917-1920, 123 L.Ed.2d 598 (1993).

applicable to the United States Sentencing Guidelines. For the above reasons, the government asks the court to deny defendant Keiffer's motion to file a supplemental brief.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

/s/ Harry W. McSherry
_____
HARRY W. MCSHERRY, JR.
Assistant United States Attorney
La. Bar Roll No. 9388
Hale Boggs Federal Building
500 Poydras Street, Room B-210
New Orleans, Louisiana 70130
Tel: (504) 680-3012

CERTIFICATE OF SERVICE
I certify that a copy of the
foregoing has been served
upon counsel for all parties
by hand delivery or by mailing
same to each, properly addressed
and postage prepaid this 20
day of December 2004.

/s/ Harry W. McSherry
_____
Assistant United States Attorney