UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED JAN 1 4 2005
LORETTA G. WHYTE
Clerk

UNITED STATES OF AMERICA                          DOCKET NO: 00-321

VERSUS

ARMSTEAD KEIFFER                                  SECTION "N"

FILED:_____                               _____
                                                  DEPUTY CLERK OF COURT

_____

### REPLY TO THE GOVERNMENT'S OPPOSITION AND INCORPORATED MEMORANDUM TO DEFENDANT MOTION TO FILE SUPPLEMENTAL BRIEF

**NOW INTO COURT** comes the petitioner **ARMSTEAD KIEFFER** through his Reply to the Government's Opposition and Incorporated Memorandum to Defendant Keiffer's Motion to File Supplemental Brief for the following reasons to wit:

Petitioner Keiffer submits that he should be granted his request to filed a supplemental brief relating the case of ***Blakely v. Washington***, *124 S.Ct. 2531 (2004)*, because a final decision has not been rendered by the Supreme Court of the United States in the ***Fanfan*** and ***Booker***, where the Supreme Court is to decide whether ***Blakely*** applies to federal prisoners. When a Supreme Court decision announces a new rule, the new rule will apply to all criminal cases. ***Giffith v. Kentucky*** *479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed2d 649 (1987).*

1

Further in the instant case the petitioner contends that his Sixth Amendment Constitutional Right to a trial by jury was violated, therefore 28 U.S.C. § 2255 is the appropriate remedy for relief.

In the government's brief they cite many cases applicable to the filing of direct appeals but none where there is a constitutional issue present. Previously the Fifth Circuit Court of Appeals ruled in **United States v. Pineiro**, *377 F.3d 464 (5th Cir. 1994)*, that **Blakely v. Washington**, does not apply to the federal sentencing guidelines, the Supreme Court, however, disagrees as it has accepted certiorari in two cases regarding the application of **Blakely**, namely **United States v. Fanfan**, *No. 04-105 (order granting certiorari)* and **United States v. Booker**, No. 04-104 (order granting certiorari). On January 12, 2005 both the **Fanfan**, *No. 04-105* and **Booker**, No. 04-104 were ruled upon by the U.S. Supreme Court. In a 5 to 4 decision the Highest Court Struck down the federal sentencing guidelines which meant that they are no longer mandatory, but are merely advisory for the sentencing judge. The Court's decision further extended to the fact that when a sentencing judge imposes a greater sentence under the guidelines, based upon the judge's determination of a fact that was not found by a jury or admitted to by the defendant, that it is unconstitutional to impose an enhanced sentence upon the defendant without giving him an opportunity to have a jury decide the facts that will be used for said enhancement.

## CONCLUSION

**WHEREFORE**, because the Federal Sentencing procedure did not comply with the Sixth Amendment of the United States Constitution, petitioner's sentence is constitutionally infirm and should be set aside. In addition petitioner's right to trial by jury was violated by this sentencing

2

procedure. Further, petitioner requests a hearing in this matter.

**THUS SUBMITTED**, this _13_ day of _January_ 2005.

Respectfully:

_Armstead Kieffer #22956-034_
Armstead Kieffer, # 22956-034
F.C.I., Yazoo
P.O. Box 5000
Yazoo City, Ms. 39194

## CERTIFICATE OF SERVICE

I Armstead Kieffer do hereby certify that a copy of the foregoing motion has been forwarded to the United States District Attorney's Office for the Eastern District of Louisiana, via U.S. mail, postage pre-paid on this _13_ day of _January_ 2005.

_Armstead Kieffer #22956-034_
Armstead Kieffer, #22956-034

3