UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-321 |
| ARMSTEAD L. KEIFFER | SECTION "N" |

### ORDER AND REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by petitioner Armstead L. Keiffer. (Rec. Doc. No. 357). For the reasons stated herein, the petitioner's motion is DENIED.

### I. BACKGROUND

Following a jury trial, petitioner Armstead L. Keiffer was convicted on September 27, 2001, for conspiracy to steal mail, to commit bank fraud, to create and counterfeit drivers' licenses and counterfeit credit cards, in violation of 18 U.S.C. § 371 (Count One of the Third Superceding Indictment); attempted possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2 (Count Two); possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2 (Counts Three and Four); and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count Eight). During the sentencing phase, the Government moved the Court to depart upward from the guideline range applicable to Keiffer. On February 20, 2002, the Court conducted a sentencing hearing, at which time the Court considered and heard testimony relative to the Government's motion. For reasons stated on the record, the

Court found the existence of certain aggravating factors of a kind or degree not adequately taken into consideration by the Sentencing Commission and thus granted the Government's motion for upward departure.[1] Accordingly, the Court sentenced the defendants to 60 months imprisonment as to Counts One, Two, Three and Four, and 72 months imprisonment as to Count Eight, rather than a sentence within the 24-to-30-month term called for by the Guidelines.[2]

Keiffer timely appealed his conviction and sentence. In his appeal brief, Keiffer urged that there was insufficient evidence to support his conviction for the charge of attempted theft of mail, and he contended that the sentencing court's basis for the upward departure was not supported by the facts, was legally deficient and that the departure was unreasonable. On June 11, 2003, the Fifth Circuit rejected Keiffer's claims and affirmed his conviction and sentence.

On January 14, 2004, petitioner timely filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.

## II. LAW AND ANALYSIS

The motion, files and records of the case conclusively show that the prisoner is not entitled to relief. The matter is based entirely upon the application of legal principles to established facts. Therefore, an evidentiary hearing is not required. 28 U.S.C. § 2253.

In seeking post-conviction relief, petitioner alleges that he did not receive effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the United States Constitution.

---

[1] The aggravating circumstances found by the Court included Mr. Keiffer's criminal history (which included 15 prior arrests), the quality of the mail which was stolen, the magnitude of the harm, and the extensiveness of the disruption of government functions. Sentencing. Tr., pp. 6-8 (Rec. Doc. No. 316).

[2] The Government had requested a sentencing range of 87 to 108 months as an upward departure, which constituted an upward departure of 12 offense levels. The Court found that a departure of ten levels, with a guideline range of 70-87 months, to be adequate under the circumstances. Sent. Tr., p. 9.

Specifically, Keiffer contends that he was denied his rights under the Sixth Amendment when trial counsel failed to move for a severance of trial from co-defendant Kenneth Richmond. Additionally, in supplemental briefs,[3] the petitioner argues that this Court should follow the Supreme Court's decision in *Blakely v. Washington* and find that Keiffer was denied his Sixth Amendment right to a trial by jury when the sentencing judge found certain facts, which were not presented to or found beyond a reasonable doubt by the jury, in order to enhance Keiffer's sentence.

### A. <u>Ineffective Assistance of Counsel</u>

The Fifth Circuit has emphasized that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Keiffer purports to raise issues of constitutional error premised on his claim that he received ineffective assistance of counsel. To prevail on an ineffectiveness claim, petitioner must demonstrate (1) that his counsel's performance was deficient, and (2) that his counsel's deficient performance prejudiced the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must satisfy both prongs in order to succeed. *Id.* at 687. Conversely, if Keiffer fails to establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. *Id.* at 697.

To establish a deficient performance, petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Jones v. Jones*, 163 F.3d 285, 301 (5th Cir.1998) (quoting *Strickland*, 466 U.S. at 688). The Court applies a highly deferential standard to

---

[3] Insofar as the petitioner has requested leave to file his supplemental memorandum, leave is hereby granted.

the examination of counsel's performance, making every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Id.* (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir.1997)). The second prong of *Strickland*, addressing prejudice, requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Keiffer argues herein that counsel's failure to request a severance of trial constitutes ineffective assistance in violation of the Sixth Amendment.[4] Petitioner's theory is that he was only a minor participant in the conspiracy, while co-defendant Richmond was the leader and organizer - making threats against witnesses, concocting the scheme to steal checks and credit card statements, concocting the scheme to fraudulently lease vehicles, ordering a murder, counterfeiting drivers' licenses and distributing the stolen checks and credit cards - and that testimony relative to Richmond "caused petitioner to receive an upward departure in the sentencing guidelines." Mot., p. 4.

In the instant matter, all the co-defendants were alleged to be partners in the single conspiracy alleged. As such, they were properly joined pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure.[5] The rule, rather than the exception, is that co-defendants who are indicted together should be tried together, particularly in conspiracy cases. *See United States v. Simmons*,

---

[4] Nine of the co-defendants pleaded guilty to their participation in the conspiracy. The petitioner, along with co-defendants Kenneth Richmond and Karen Richmond, proceeded to trial together, and a jury convicted all three defendants on all counts.

[5] Rule 8(b) permits the joinder of multiple defendants in a single indictment where it is alleged that the defendants participated in the same act or transaction, or in the same series of criminal acts or transactions constituting the offense or offenses charged.

374 F.3d 313, 317 (5th Cir. 2004); *United States v. Cihak*, 137 F.3d 252, 259 (5th Cir. 1998) (quoting *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995)). A defendant seeking severance bears a heavy burden of proving the need for a separate trial and "specific and compelling prejudice" if he is tried with his co-defendants. *United States v. Dillman*, 15 F.3d 384, 392 (5th Cir.), *cert. denied*, 513 U.S. 866, 115 S.Ct. 183 (1994). Vague and conclusory allegations do not justify habeas relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied*, 467 U.S. 1251, 104 S.Ct. 3534 (1984).

Severance is required "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 538, 113 S.Ct. 993 (1996) (citation omitted). Such a risk might occur when evidence that the jury should not consider against a defendant and would not be admissible if a defendant were tried alone is admitted against a co-defendant. *Id*.

The petitioner has failed in his § 2255 motion to articulate facts which would demonstrate the kind of prejudice that warrants severance. Instead, Keiffer has asserted rather conclusory allegations of "garden variety" prejudice which is always present when more than one offense or offender are tried together. For instance, the Fifth Circuit has routinely held that the mere presence of a spillover effect will not ordinarily warrant a severance. *See United States v. Krout*, 66 F.3d 1420, 1430 (5th Cir. 1995); *United States v. Sparks*, 2 F.3d 574, 583 (5th Cir. 1993). Further, courts have found that a severance is not required if a defendant argues only that he was a minor participant in the conspiracy; that most of the evidence does not pertain to the him; and that he will be prejudiced by the volume or quality of evidence against co-defendants. *See United States v.*

*Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994), *cert. denied, sub nom. Briscoe v. United States*, 513 U.S. 1135, 115 S.Ct. 953 (1995).

Moreover, even when some risk of prejudice exists, it can be cured with proper instructions. The Court presumes that juries follow their instructions. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702 (1987). In the case at bar, the trial court properly instructed the jury that the Government had the burden of proving beyond a reasonable doubt that each defendant committed the crime with which he was charged. Trial Tr., vol. 4 of 4, p. 83 (Rec. Doc. No. 256). The Court then instructed the jury that it must give separate consideration to each individual defendant and to each separate charge against him or her. *Id*.

Finally, at sentencing, the reasons given in support of the upward departures were particular to each defendant. Furthermore, there is a great disparity between the term of imprisonment imposed upon Keiffer (72 months) and that imposed upon his co-defendant Kenneth Richmond (240 months). Such a disparity (168 months) indicates that the Court considered the evidence presented against each defendant, the culpability of each defendant, and the need to satisfy the basic purposes of criminal punishment (deterring crime, providing just punishment and rehabilitating the offender) given the individual circumstances presented.

Keiffer has failed to prove that counsel's performance was deficient and to show prejudice resulting from counsel's failure to seek severance.

**B.   Application of *Blakely v. Washington***

In his supplemental memorandum, Keiffer argues that the Court's upward departure from the applicable sentencing guideline range was unconstitutional in light of the Supreme Court's

decision in *Blakely v. Washington*, 542 U.S., 296, 124 S.Ct. 2531 (2004),[6] and presumably in light of the Supreme Court's decision in *United States v. Booker*, – U.S. –, 125 S.Ct. 738 (2005).[7] The petitioner, however, is not entitled to challenge his sentence pursuant to rules announced in *Blakely* and *Booker*, because these rules do not apply retroactively to petitions for collateral relief such as this § 2255 motion. On July 3, 2003, the Fifth Circuit entered its mandate affirming the petitioner's sentence and no petition for certiorari was filed with the Supreme Court. At the time *Blakely* was issued, June 24, 2004, and at the time *Booker* was issued, January 12, 2005, the petitioner's case was no longer pending on direct review.

When a United States Supreme Court decision announces a new rule, the new rule will apply to all criminal cases still pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708 (1987). In *Booker*, the Supreme Court expressly stated that "we must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - to all cases

---

[6] In *Blakely*, the Supreme Court held that a Washington State sentencing procedure was unconstitutional because it permitted the imposition of a sentence above the standard range if the judge found substantial and compelling reasons existed. 124 S.Ct. at 2535-40. The *Blakely* court noted that it had previously held in *Apprendi* that " '[o]ther that the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id*. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000)). The *Blakely* court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 2537 (emphasis in original). Because the enhanced sentence at issue was imposed solely on the facts admitted in the guilty plea, the *Blakely* court held that the defendant's sentence violated the Sixth Amendment. *Id*. at 2537-38.

[7] In a reply memorandum, the petitioner submitted that he should be granted leave to file a supplemental memorandum relative to the *Blakey* decision because the *Booker* case was still pending before the Supreme Court. On January 12, 2005, a decision was rendered in *Booker* (and the companion case, *United States v. Fanfan*), whereby the Supreme Court extended *Blakely*'s holding to the federal sentencing guidelines. 125 S.Ct. 738, 755-56. In *Booker*, the Court held that it was a violation of a defendant's Sixth Amendment right to trial by jury for the federal sentencing guidelines to impose mandatory sentence enhancements based solely on facts not found by a jury or admitted by the defendant. The Supreme Court resolved this problem by ruling that sentencing judges are not bound by the federal sentencing guidelines. 125 S.Ct. at 764.

on direct review." 125 S.Ct. at 769. Conversely, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. Although the Fifth Circuit has not yet addressed whether *Booker* applies retroactively on initial collateral review, the Court of Appeals recently held that the Supreme Court has not made *Booker* retroactive for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. *In re Elwood*, 408 F.3d 211 (5th Cir. 2005). Moreover, the Second, Third, Sixth, Seventh, Tenth and Eleventh Circuits have all addressed the retroactivity of *Booker* on initial collateral review and have concluded that *Booker* does not apply retroactively. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (concluding that *Booker* states a new non-watershed procedural rule and does not apply to criminal cases final before its release); *United States v. Humphries*, 398 F.3d 855 (6th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (same); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005) (same); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005) (same); *United States v. Bellamy*, – F.3d –, 2005 WL 1406176 (10th Cir. June 16, 2005) (same).

The Court agrees with the reasons and conclusions set forth in the foregoing cases, and thus finds as a matter of law that the petitioner is not entitled to challenge his sentence as a result of an alleged *Blakely* or *Booker* violation in this § 2255 motion.

### III.  CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by Armstead L. Keiffer is **DENIED**.

New Orleans, Louisiana, this \_\_18th\_\_ day of July, 2005.

_____
**KURT D. ENGELHARDT**
**United States District Judge**